UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| wedi Corp., | Case No. 2:22-cv-00457-CDS-BNW |
| Plaintiff | **Order Granting Defendants' Motion to Transfer, Denying Defendants' Motion for Sanctions, and Closing Case in This District** |
| v. | |
| Hydroblok Grand International Ltd., *et al.*, | |
| Defendants | [ECF Nos. 27, 30] |

Illinois-based plaintiff wedi Corporation manufactures and distributes building materials used in the construction of waterproof shower systems and other tiled wet rooms. Compl., ECF No. 1 at ¶ 1. It sues the Hydroblok defendants[1], its direct competitors in the waterproof-shower-systems market, for Lanham Act violations and consumer fraud. *Id.* at 11–12. The defendants move for sanctions, arguing that wedi's filing of this lawsuit was improper because it previously filed an identical suit—which was resolved—in the United States District Court, Western District of Washington. ECF No. 27. They also move to transfer this suit to that court under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406. The plaintiff opposes both motions. Because I find that venue is improper in the District of Nevada, I grant the defendants' motion to transfer. However, I deny without prejudice their motion for sanctions.

I. **Motion to transfer (ECF No. 30)**

The Hydroblok defendants argue that this lawsuit represents wedi's attempt to relitigate claims already asserted in the Western District of Washington. Transfer Mot., ECF No. 30 at 2. They contend that the claims wedi brings are the same as those it brought against the same defendants (or their successors-in-interest) in that other case. *Id.* at 4 (citing *wedi Corp. v. Wright et*

---

[1] The three defendants are Hydro-Blok USA, LLC; Hydroblok Grand International Ltd.; and Hydroblok Grand International Inc. For ease, I refer to them as "the Hydroblok defendants" throughout this order.

*al.*, No. 2:15-cv-00671-TSZ (W.D. Wash. Apr. 29, 2015)).[2] Consequently, the defendants assert that the first-to-file rule mandates transfer of this case to the Western District of Washington. *Id.* The plaintiff responds that the defendants misconstrue the legal standards applicable to the motion to transfer and that venue is, indeed, proper in the District of Nevada. ECF No. 33 at 2–3. That is, wedi does not dispute the factors related to the first-to-file analysis, but it argues that the first-to-file rule does not apply at all because the plain language of 28 U.S.C. § 1406 mandates transfer only when venue is "wrong." *See generally* ECF No. 33.

Whether to transfer venue lies within the district court's broad discretion and must be decided on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). I agree with wedi that the defendants incorrectly attempt to transfer this action under 28 U.S.C. § 1406(a), which mandates dismissal or transfer only when venue is wrong or improper.[3] *See Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013) (finding that § 1406(a) and Federal Rule of Civil Procedure 12(b)(3) authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought). The District of Nevada may well have been a proper venue for the instant suit, but for wedi's filing of a substantially similar suit in the Western District of Washington in 2015.

Because federal pleadings must be construed so as to do justice (Fed. R. Civ. P. 8(e)), I construe the defendants' motion to transfer as one based primarily on the first-to-file rule, rather than on 28 U.S.C. § 1406. I do so because the defendants concede that "Nevada as a venue would be completely appropriate had [the Washington case] not been previously litigated." ECF No. 35 at 2. Thus, while an analysis of whether venue is "proper" in Nevada would guide a transfer

---

[2] Federal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to matters before the court. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations omitted). I find that the *wedi Corp.* action filed in the Western District of Washington directly relates to the pending motion to transfer this case, so I take judicial notice of the Washington case.

[3] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

2

inquiry under 28 U.S.C. § 1406, it has no bearing on transferring this case under the first-to-file rule. Further, transfer of a civil action is permitted "for the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Other courts have construed this language to mean that 28 U.S.C. § 1404(a)'s considerations of convenience and justice may bear on a first-to-file inquiry. *See, e.g., Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1098–99 (N.D. Cal. 2006) (transferring case after applying first-to-file rule but considering § 1404(a) convenience factors). In the instant case, the interest of justice requires that the first-to-file rule be applied to the instant case such that it is transferred to another district where it might have been brought—here, the Western District of Washington.

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) (internal quotation marks and citation omitted). "The first-to-file rule is intended to 'serve the purpose of promoting efficiency well and should not be disregarded lightly.'" *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (alterations omitted)). When applying the first-to-file rule, courts "should be driven to maximize 'economy, consistency, and comity.'" *Id.* at 1240 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). The rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Id.* (quoting *Alltrade*, 946 F.2d at 625). Thus, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.*

The defendants have demonstrated that wedi filed its other lawsuit in the Western District of Washington almost seven years before filing its complaint here. ECF No. 30 at 6:13–14. Specifically, the complaint in the Washington case was filed on April 29, 2015, while this suit

was initiated on March 14, 2022. *Id.* The first factor assessing the chronology of the lawsuits weighs in favor of applying the first-to-file rule.

While the second factor concerns similarity of the parties, the first-to-file rule "does not require exact identity of the parties." *Kohn Law Grp.*, 787 F.3d at 1240 (citations omitted). Rather, it "requires only substantial similarity of parties." *Id.* (citations omitted). The Washington case and this matter both involve the same plaintiff (wedi) and at least one identical defendant (Hydro-Blok USA LLC). ECF No. 30 at 6. The defendants add, and wedi does not dispute, that "the remaining Hydroblok [defendants] in this action are in privity with, and are successors-in-interest of . . . Hydroblok International Ltd.," which is the defendant in the Washington case. *Id.* Because the parties in this case are substantially similar to the parties in the Washington case, the second factor, too, weighs in favor of applying the first-to-file rule.

The third factor does not require identical issues in both cases—only substantially similar ones. *Kohn Law Grp.*, 787 F.3d at 1240–41 (citations omitted). The instant action involves wedi's Lanham Act claim and a consumer fraud claim under Nevada law. ECF No. 1 at 11–12. The Washington case involved additional claims but also contained a Lanham Act claim, a claim for Consumer Protection Act violations, and a claim for tortious interference. Sanctions Mot., ECF No. 27 at 3 (incorporated by reference into the motion to transfer, ECF No. 30 at 6). The defendants argue, and again wedi does not dispute, that the claims are either identical or sufficiently similar such that the third factor of the first-to-file test is satisfied. Indeed, wedi's complaint in this action is remarkably similar to its complaint in the Washington case. *Compare* ECF No. 1 (instant complaint) *with* Ex. 1, ECF No. 32-1 (complaint filed in the Western District of Washington). Both complaints allege Lanham Act violations, along with violations of state law regulating consumer trade practices. The question at the heart of both cases—whether the defendants violated the Lanham Act by misleading consumers into believing that their products complied with certain standards applicable to the plumbing industry—is a question that

substantially overlaps between the two actions. I thus find that the third factor also weighs in favor of applying the first-to-file rule.

I now address wedi's argument that it never had the opportunity to litigate its present claims in the Washington case. ECF No. 33 at 5. The defendants reply that "wedi voluntarily dismissed its present claim[s] with prejudice after receiving an unfavorable outcome in the Washington Court" and that wedi's present claims constitute an improper attempt to disturb that court's ruling. ECF No. 35 at 3. To the extent that wedi failed to assert certain claims in the prior action and now attempts to assert them, I find that wedi should have brought those claims earlier. "A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).

Finally, I note that the Washington case is closed. *See generally wedi Corp.*, No. 2:15-cv-00671-TSZ. However, "a few cases show [] that a court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (citing *Alul v. Am. Honda Motor Co.*, 2016 WL 7116934, at *1, 6 (N.D. Cal. Dec. 7, 2016); *Exec. Law Grp., Inc. v. Exec. Law Grp. PL*, 2014 WL 12577090, at *3 (C.D. Cal. Mar. 24, 2014)). Whether the first-filed suit was dismissed with prejudice bears heavily on application of the doctrine. *See id.* at 707 (applying first-to-file rule because the first-filed suit had been dismissed with prejudice); *cf. Alul*, 2016 WL 7116934, at *5–6 (declining to apply the first-to-file rule where first-filed suit was voluntarily dismissed without prejudice); *Exec. Law Grp.*, 2014 WL 12577090, at *1–3 (declining to apply first-to-file rule where first-filed suit was dismissed on jurisdictional grounds). Because the Washington case was dismissed with prejudice, the instant motion is analogous to *Young*—rather than *Alul* or *Executive Law Group*—so the first-to-file rule may still be applied.

Because wedi brought this case almost seven years after initiating its Washington lawsuit against the defendants—and because the parties and issues are substantially similar in

both cases—I find that the first-to-file rule should apply here. Transfer of this case to the Western District of Washington maximizes "economy, consistency, and comity." *Kohn Law Grp.*, 787 F.3d at 1240. Ensuring that the same court rules on the overlapping cases maximizes economy and efficiency by preventing duplicative litigation, restricting the burden on the parties, and avoiding inconsistencies across districts. Those efforts are especially salient where, as here, the first-filed action has been thoroughly litigated and a record well-constructed, while the second-filed action is in its infancy. And comity is maximized, as this court recognizes that it should not address a controversy that may have already been litigated in the Western District of Washington. For all of these reasons, I grant the defendants' motion to transfer.

II.   Motion for sanctions (ECF No. 27)

The defendants "respectfully request that the [c]ourt dismiss [other currently pending or future motions] without prejudice to expedite the transfer of this matter." ECF No. 30 at 7. I construe this request as a withdrawal of the motion for sanctions. I grant this request and deny the defendants' motion for sanctions (ECF No. 27) without prejudice, so that it may be refiled in the Washington court, if the defendants choose to do so.

III.   Conclusion

IT IS HEREBY ORDERED that the defendants' motion to transfer [ECF No. 30] is **GRANTED**.

IT IS FURTHER ORDERED that the defendants' motion for sanctions [ECF No. 27] is **DENIED** without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **TRANSFER THIS CASE** to the United States District Court for the Western District of Washington and **CLOSE THE CASE IN THIS DISTRICT**.

DATED: March 23, 2023

_____
Cristina D. Silva
United States District Judge